THE STATE OF MISSISSIPPI,
JACKSON COUNTY

**DWAYNE WILLIAMS**                                                                                    **PLAINTIFF**

**VS**                                                                       **CAUSE NO:   2017-00, 081 (1)**

**HUNTINGTON INGALLS
(PASCAGOULA OPERATIONS)
AND JOHN DOES 1 – 10**                                                      **DEFENDANT**

I, Randy Carney, Clerk of the Circuit Court, in and for said County & State the same being a Court of Record, having a seal, do hereby officially certify that I am the proper custodian of all the books, papers, records, files & documents of said Court & of the seal thereof, and that the foregoing is a full, true & complete copy of documents listed for the above styled case:

**–ENTIRE FILE**

Recorded, as full, true & complete as the same now appears of record in the records of JACKSON COUNTY CIRCUIT COURT, PASCAGOULA, JACKSON COUNTY, MISSISSIPPI in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand & affixed the seal of said Court at my office in Pascagoula in said County & State on this the 25$^H$ Day of *SEPTEMBER, 2017*.

Randy Carney (Clerk)
Circuit Court
Jackson County, Mississippi

_[signature]_ D.C.
BY: ELIZABETH J DEVINE D.C.

(SEAL)

EXHIBIT
A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

DWAYNE WILLIAMS                                                                                 PLAINTIFF

VERSUS                                       CAUSE NUMBER: 2017-00081(1)

HUNTINGTON-INGALLS. (PASCAGOULA OPERATIONS)
And JOHN DOES 1-10                                                  DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

**COPY**

TO:   HUNTINGTON-INGALLS, INC.
       BY AND THROUGH THEIR REGISTERED AGENT,
       CT CORPORATION SYSTEM
       64 LAKELAND EAST DRIVE, SUITE 101
       FLOWOOD, MS 39232

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

     You are required to mail or hand-deliver a copy of a written response to the Complaint to KRISTOPHER W. CARTER, the attorney for the Plaintiff, whose post office address is Post Office Drawer 2040, Ocean Springs, Mississippi, 39566-2040, and whose street address is 1101 Iberville Drive, Ocean Springs, Mississippi, 39564. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

     You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

     Issued under my hand and the seal of said Court, this the 12 day of April, 2017.

Randy Carney
Circuit Clerk of Jackson County, Mississippi



(Seal)

**RANDY CARNEY**
CIRCUIT CLERK
JACKSON COUNTY, MS
MY COMMISSION EXPIRES: JAN 5, 2020

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

DWAYNE WILLIAMS                                                                    PLAINTIFF

VERSUS                                          CAUSE NUMBER: 2017-00081(1)

HUNTINGTON-INGALLS, INC. (PASCAGOULA OPERATIONS) and
JOHN DOES 1-10                                                                     DEFENDANTS

FILED
APR 1 0 2017
RANDY CARNEY, CLERK
BY _____ D.C.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW the Plaintiff, DWAYNE WILLIAMS, by and through counsel, and would file this, his COMPLAINT against Defendants herein, HUNTINGTON-INGALLS, INC. (PASCAGOULA OPERATIONS) and JOHN DOES 1-10, and in support thereof would show as follows:

### I. PARTIES

1. Plaintiff, DWAYNE WILLIAMS, is (and was at all times relevant to this action) an adult resident citizen of Jackson County, Mississippi.

2. Defendant HUNTINGTON-INGALLS, INC. (Pascagoula Operations) ("Ingalls"), is a Virginia corporation licensed to do business in the state of Mississippi, with its primary place of business in this state located in Pascagoula, Jackson County, Mississippi. Ingalls may be served with process in the time and manner provided by law through its registered agent for service of process, CT CORPORATION SYSTEM, 645 Lakeland East Drive, Flowood, MS 39232.

3. Defendants JOHN DOES 1-10 are persons and/or entities whose names/identities are currently unknown; who are believed to be (are to have been at pertinent times to the acts/omissions complained of herein) residents of the State of Mississippi; and who may be liable in whole or in part, jointly and severally with other Defendants herein, for the harms and losses

1

complained of by Plaintiff in this action. The actual names of such persons or entities will be substituted for one or more of said JOHN DOE Defendants forthwith if such identities/names are discovered in this litigation.

## II. JURISDICTION AND VENUE

4. Jurisdiction and venue are properly in this Court in that the acts and occurrences complained of herein occurred in Jackson County, Mississippi, and the amounts sought herein are in excess of the jurisdictional minimum of this Court. Further, one or more of JOHN DOES 1-10 are believed to have acted in concert and/or conspiracy with Ingalls and/or one another in committing the harms and wrongs complained of in this action, which proximately resulted in harms, losses and damages to the Plaintiff.

## III. FACTS

5. Williams was employed at Ingalls for several years, before suffering a work injury for which he previously made claim. Williams later ceased to be employed with Ingalls, and ultimately settled his work injury claim. During the process of settlement, Ingalls attempted to have Williams sign a release agreeing not to reapply with Ingalls, but Williams would not agree to include such a clause in the settlement release. The settlement was nevertheless finalized without Williams ever signing any agreement agreeing to waive rights to be employed with Ingalls or at Ingalls's property.

6. At some point later, Williams became employed through Ranger Industrial Services ("Ranger"), an employment placement company, with "United States Incorporated" ("USI") which was performing contract work on Ingalls's property in Pascagoula, Mississippi. Williams was performing hourly work for USI/Ranger for approximately two months, when he was suddenly informed, on or about April 8, 2016, that he was being terminated. When Williams

inquired as to why he was being terminated, he discovered that Ingalls, individually and/or in concert with Defendants John Does 1-10 (Ingalls and said John Doe Defendants are hereinafter collectively referred to as "Defendants"), had caused him to be terminated.

7. Williams discovered that Defendants had claimed to USI/Ranger that Williams was not allowed to work on their property, and that he had signed a document agreeing that he could not work on Ingalls property, whether for Ingalls or another contractor. Williams informed USI/Ranger that this was not true, but Defendants held their position, and Williams thus remained terminated/dismissed from USI/Ranger. Even after being informed that they were mistaken and no such document was ever executed; and upon information and belief, after having internally confirmed that no such document had been executed by Williams; Defendants continued refusing to allow Williams to be employed by any entity performing work for Defendants.

8. As a direct result of Defendants' acts and omissions, Williams was proximately harmed and suffered damages, harms and losses.

## IV. CAUSES OF ACTION

### A. Intentional/Tortious Interference with Employment, Business Relations/Opportunity and/or Contract

9. Defendants' actions and omissions as described hereinabove, and to be further expanded upon at the trial of this matter, were performed intentionally, maliciously and/or with gross negligence, reckless disregard of consequence, and wanton indifference; and proximately caused Plaintiff to suffer the damages, harms and losses complained of in this action.

10. Defendants knew (and/or were willfully blind to the facts) that their actions would cause

3

Plaintiff to lose his job, and that their representations were inaccurate. Defendants' actions were willfully calculated to cause the Plaintiff to lose his lawful employment (and hence to cause him damages, harms and losses), and were performed for that specific purpose. Defendants had no justifiable right or cause to so interfere with Plaintiffs' employment and/or contractual relations with his employer(s), but did it anyway, which constitutes malice under Mississippi law.

11. Defendants' acts and omissions directly and proximately caused Plaintiff damages, harms and losses, including but not limited to lost wages, incidental damages and expenses, consequential damages and expenses, mental anguish, emotional distress, anxiety, stress, and other such damages, harms and losses to be shown at the trial of this matter.

### B.     Fraudulent, Grossly Negligent and/or Negligent Misrepresentation

12. Defendants' representations as stated hereinabove and to be further expanded upon at trial were made with knowledge of their falsity and/or reckless indifference and/or willful ignorance to the truth of same.

13. Defendants knew or should have known that persons/entities such as Plaintiffs' employer(s) would rely on such representations, and would terminate Plaintiff, proximately causing harms and losses as described in this Complaint.

13. Defendants intended (or should have reasonably contemplated) that persons/entities such as Plaintiff's employer(s) would rely on the truth of Defendants' representations to the detriment of Plaintiff. Defendants knew or should have known that such persons or entities were ignorant to the truth of their statements/representations.

14. Such representations were made with intent, malice, gross negligence, willful indifference, reckless disregard and general negligence to the harms they would cause to the

Plaintiff.

### C. Intentional and/or Negligent Infliction of Emotional Distress

15. Defendants' actions/omissions as described hereinabove and to be further expanded upon at trial were performed intentionally, maliciously, with reckless disregard of the effect on Plaintiff, and with wanton indifference to the harms that would result from same. Such actions are of such a character as to evoke outrage and revulsion in a reasonable person, and should not be tolerated by the Courts of this State.

16. Defendants' actions caused Plaintiff emotional distress, mental anguish, anxiety, stress and other economic and noneconomic harms and losses as will be shown at the trial of this matter.

### D. Negligence/Gross Negligence/Negligence Per Se

17. Defendants had a general duty not to interfere with Plaintiff's business relations and to cause him to lose his employment, which was breached and proximately caused damages to Plaintiff.

18. Defendants' conduct further was in breach of applicable statutes of the State of Mississippi and other regulations/statutes so as to constitute negligence per se.

### E. Civil Conspiracy

19. Ingalls, in collusion, concert and/or conspiracy with other individuals and/or entities referred to herein as JOHN DOES 1-10, acted for an improper or illegal purpose of harming the Plaintiff; and/or were performed in violation of laws or regulations preventing such conduct.

20. Defendants' conduct proximately led to Plaintiff suffering harms and losses as described in this Complaint, which were foreseeable to Defendants at the time they engaged in such

conduct.

### F.  Defamation

21.  Defendants' statements regarding the Plaintiff were false, which Defendants knew or should have known through the exercise of due diligence. Such statements caused direct harm to the Plaintiff by causing him to lose his job, as well as any possibility of employment with persons or entities that do business with or for Defendants.

22.  Such statements clearly and directly reference the Plaintiff, and the meaning of such statements/representations was clear, and not the subject of speculation, conjecture or innuendo.

23.  Defendants' statements directly and proximately harmed the Plaintiff as described in this Complaint and to be further expanded upon at trial.

### G.  Miscellaneous

24.  To the extent that the facts herein give rise to further causes of action not specifically herein named, Plaintiff hereby gives notice that he asserts any and all causes of action which may lie in the premises asserted.

## V.  DAMAGES

25.  Plaintiff hereby makes claim for all damages available under the premises under Mississippi law, including, but not limited to:

   a.  Compensatory damages for the harms and losses resulting from Defendants' conduct, including, but not limited to, past, present and future loss of wages;

   b.  consequential and incidental damages resulting from Defendants' conduct;

   c.  Damages for emotional distress, mental anguish, anxiety, stress, and other such

noneconomic damages;

  d.  Pre-judgment and post-judgment interest;

  e.  Attorney's fees and expenses of litigation;

  f.  Punitive and/or exemplary damages in an amount sufficient to punish Defendants and/or to deter similar conduct in others;

  g.  Such general and further relief as may be appropriate under the premises, whether or not specifically pled herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment of and from the Defendants, jointly and severally, in an amount in excess of the jurisdictional minimum of this Court, to be determined by a jury and/or the Court in this matter.

Dated: April 10, 2017.

              RESPECTFULLY SUBMITTED,
              DWAYNE WILLIAMS

              BY: _____
                  KRISTOPHER W. CARTER
                  MSBN. 101963

KRISTOPHER W. CARTER
Mississippi Bar Number: 101963
CARTER & JORDAN, PLLC
1101 Iberville Drive (39564)
Post Office Box 2040
Ocean Springs, MS 39566-2040
228-202-1107 - Telephone
228-202-1108 - Facsimile
Kris@CarterJordanLaw.com

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts
Form AOC/01 (Rev 2009)

**Court Identification Docket #:** [ ][ ][ ] [C][V] County # / Judicial District (CH, CI, CO)
**Case Year:** 2017
**Docket Number:** [ ][ ][ ][ ]
Month / Date / Year — This area to be completed by clerk
Local Docket ID
Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **JACKSON** County — Judicial District ___

**Origin of Suit** (Place an "X" in one box only)
[X] Initial Filing  [ ] Reinstated  [ ] Foreign Judgment Enrolled  [ ] Transfer from Other court  [ ] Other
[ ] Remanded  [ ] Reopened  [ ] Joining Suit/Action  [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: **Williams** (Last Name), **Dwayne** (First Name), Maiden Name if applicable ___, M.I. ___, Jr/Sr/III/IV ___

___ Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ___

Business ___
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check (x) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___

**Address of Plaintiff:** 2405 Linwood Drive, Gautier, MS 39553

**Attorney (Name & Address):** Kristopher W. Carter, 1101 Iberville Drive, Ocean Springs, MS 39564    **MS Bar No.** 101963

___ Check (x) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: ___

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual: ___ (Last Name), ___ (First Name), Maiden Name if applicable ___, M.I. ___, Jr/Sr/III/IV ___

___ Check (x) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ___

**Business:** Huntington-Ingalls, Inc.
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check (x) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ___

**Attorney (Name & Address) - If Known:** ___    MS Bar No. ___

**Damages Sought:** Compensatory $___    Punitive $___    ___ Check (x) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

### Nature of Suit (Place an "X" in one box only)

**Domestic Relations**
[ ] Child Custody/Visitation
[ ] Child Support
[ ] Contempt
[ ] Divorce: Fault
[ ] Divorce: Irreconcilable Diff.
[ ] Domestic Abuse
[ ] Emancipation
[ ] Modification
[ ] Paternity
[ ] Property Division
[ ] Separate Maintenance
[ ] Termination of Parental Rights
[ ] UIFSA (eff 7/1/97; formerly URESA)
[ ] Other ___

**Appeals**
[ ] Administrative Agency
[ ] County Court
[ ] Hardship Petition (Driver License)
[ ] Justice Court
[ ] MS Dept Employment Security
[ ] Worker's Compensation
[ ] Other ___

**Business/Commercial**
[ ] Accounting (Business)
[ ] Business Dissolution
[ ] Debt Collection
[ ] Employment
[ ] Foreign Judgment
[ ] Garnishment
[ ] Replevin
[ ] Other ___

**Probate**
[ ] Accounting (Probate)
[ ] Birth Certificate Correction
[ ] Commitment
[ ] Conservatorship
[ ] Guardianship
[ ] Heirship
[ ] Intestate Estate
[ ] Minor's Settlement
[ ] Muniment of Title
[ ] Name Change
[ ] Testate Estate
[ ] Will Contest
[ ] Other ___

**Children/Minors - Non-Domestic**
[ ] Adoption - Contested
[ ] Adoption - Uncontested
[ ] Consent to Abortion Minor
[ ] Removal of Minority
[ ] Other ___

**Civil Rights**
[ ] Elections
[ ] Expungement
[ ] Habeas Corpus
[ ] Post Conviction Relief/Prisoner
[ ] Other ___

**Contract**
[ ] Breach of Contract
[ ] Installment Contract
[ ] Insurance
[ ] Specific Performance
[ ] Other ___

**Statutes/Rules**
[ ] Bond Validation
[ ] Civil Forfeiture
[ ] Declaratory Judgment
[ ] Injunction or Restraining Order
[ ] Other ___

**Real Property**
[ ] Adverse Possession
[ ] Ejectment
[ ] Eminent Domain
[ ] Eviction
[ ] Judicial Foreclosure
[ ] Lien Assertion
[ ] Partition
[ ] Tax Sale: Confirm/Cancel
[ ] Title Boundary or Easement
[ ] Other ___

**Torts**
[ ] Bad Faith
[ ] Fraud
[ ] Loss of Consortium
[ ] Malpractice - Legal
[ ] Malpractice - Medical
[ ] Mass Tort
[ ] Negligence - General
[ ] Negligence - Motor Vehicle
[ ] Product Liability
[ ] Subrogation
[ ] Wrongful Death
[X] Other **Tortious Interf.**

IN THE <u>CIRCUIT</u> COURT OF <u>JACKSON</u> COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____     Docket No. If Filed
        File Yr   Chronological No.   Clerk's Local ID   Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

### Defendant #2:

Individual: <u>Does 1-10</u> <u>John</u> ( _____ ) _____ _____
          Last Name    First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

### Defendant #3:

Individual: _____ _____ ( _____ ) _____ _____
          Last Name    First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

### Defendant #4:

Individual: _____ _____ ( _____ ) _____ _____
          Last Name    First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**
AUG 0 4 2017
RANDY CARNEY, CLERK
BY _____

DWAYNE WILLIAMS                                                                          PLAINTIFF

VERSUS                                                            CAUSE NUMBER: 2017-0008(1)

HUNTINGTON-INGALLS (PASCAGOULA OPERATIONS)
And JOHN DOES 1-10                                                                     DEFENDANTS

## MOTION FOR EXTENSION OF TIME TO SERVE PROCESS

COMES NOW the Plaintiff, DWAYNE WILLIAMS, by and through his attorneys of record, CARTER & JORDAN, PLLC, and files this his Motion for Extension of Time to Serve Process, and for cause, would show the following:

I.

On or about April 10, 2017, Plaintiff filed a Complaint in this court against the Defendants in the above styled cause.

II.

The deadline for service of process is currently August 8, 2017, and Plaintiff requires additional time to serve Defendant. Plaintiff is currently attempting to serve Defendant but it is not clear if service will be perfected prior to the current deadline. Plaintiff would aver that this Motion is not filed for purposes of delay of process in this matter but to afford the Plaintiff the right to a fair trial and for the reasons stated herein. The Defendants will not be prejudiced should the Court grant additional time for service of process.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant an additional one hundred twenty (120) days to allow Plaintiff to serve process upon the Defendant in this cause of action.

THIS the ____4____ day of ____August____, 2017.

Respectfully submitted,
DWAYNE WILLIAMS

BY: CARTER & JORDAN, PLLC

BY: _____
KRISTOPHER W. CARTER

KRISTOPHER W. CARTER
Mississippi Bar Number: 101963
CARTER & JORDAN, PLLC
1101 Iberville Drive (39564)
Post Office Box 2040
Ocean Springs, MS 39566-2040
228-202-1107 - Telephone
228-202-1108 -Facsimile
kris@carterjordanlaw.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**
AUG 29 2017
RANDY CARNEY, CLERK
BY _____ D.C.

DWAYNE WILLIAMS                                           PLAINTIFF

VERSUS                                          CAUSE NUMBER: 2017-00081(4)

HUNTINGTON-INGALLS (PASCAGOULA OPERATIONS)
And JOHN DOES 1-10                                        DEFENDANTS

## ORDER GRANTING EXTENSION OF TIME TO SERVE PROCESS

THIS DAY this cause coming on to be heard upon the Motion of Plaintiff, DWAYNE WILLIAMS, by and through his attorneys of record, CARTER & JORDAN, PLLC for an additional one hundred twenty (120) days in which to serve process on the Defendants herein; and the Court is of the opinion that said Motion is well-taken and should be sustained. It is therefore,

ORDERED AND ADJUDGED that Plaintiff is hereby granted an additional one hundred twenty (120) days from the date this Order is filed in which to serve process on the Defendants in this cause.

SO ORDERED AND ADJUDGED, this the 29 day of August, 2017.

_____
CIRCUIT COURT JUDGE

KC

PREPARED BY:
KRISTOPHER W. CARTER
Mississippi Bar Number: 101963
CARTER & JORDAN, PLLC
1101 Iberville Drive (39564)
Post Office Box 2040
Ocean Springs, MS 39566-2040
228-202-1107 - Telephone
228-202-1108 - Facsimile
kris@carterjordanlaw.com

MB 504 P 494